IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DOREMUS WALLACE,** | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | §   CIVIL ACTION NO. 4:11-CV-03401 |
| | § |
| **EAS RESIDENTIAL SERVICES, LLC, AND AMERICAN RESIDENTIAL SERVICES, LLC,** | § |
| | § |
| Defendants. | § |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COME NOW Defendants EAS Residential Services, L.L.C. ("EAS") (misnamed as "EAS Residential LLC" in the caption to Plaintiff's Second Amended Complaint) and American Residential Services, L.L.C. ("ARS") (misnamed as "American Residential Services" in the caption to Plaintiff's Second Amended Complaint) (collectively, "Defendants"), and for their Original Answer to Plaintiff Doremus Wallace's ("Plaintiff") Second Amended Complaint, would respectfully state as follows:

## ANSWER

## JURISDICTION AND VENUE

1. With regard to Paragraph 1 of Plaintiff's latest-filed pleading, Paragraph 1 calls for legal conclusions and therefore does not require a responsive pleading; to the extent a response is required, Defendants deny the allegations.

2. With regard to Paragraph 2 of Plaintiff's latest-filed pleading, Defendants admit that Plaintiff is an African-American male, but are without sufficient information to either admit or deny the remainder of the allegations, and therefore deny the same.

3.	With regard to Paragraph 3 of Plaintiff's latest-filed pleading, Plaintiff's allegation that "Defendants conduct business in the Southern District of Texas" is ambiguous, and therefore Defendants deny the same.  Plaintiff's allegation that Defendants "are employers within the meaning of 42 U.S.C. 2000e et seq. and 42 U.S.C. 12101 et seq." calls for a legal conclusion and requires no responsive pleading; to the extent a response is required, Defendants deny the allegation.  Defendants deny the remainder of the allegations.

4.	With regard to Paragraph 4 of Plaintiff's latest-filed pleading, Plaintiff's allegation that EAS "is a domestic entity located in Houston, Texas" is ambiguous, and therefore Defendants deny the same.  Plaintiff's allegations that EAS "is an enterprise engaged in commerce or the production of goods for commerce and has acted, directly or indirectly, in the interest of an employer with respect to Doremus Wallace" call for a legal conclusion and require no responsive pleading; to the extent a response is required, Defendants deny the allegations.  Defendants admit that EAS may be served with process via its Attorney of Record, David Jordan.  Defendants deny the remainder of the allegations.

5.	With regard to Paragraph 5 of Plaintiff's latest-filed pleading, Plaintiff's allegations that ARS "is an enterprise engaged in commerce or the production of goods for commerce and has acted, directly or indirectly, in the interest of an employer with respect to Doremus Wallace" calls for a legal conclusion and requires no responsive pleading; to the extent a response is required, Defendants deny the allegations.  Defendants admit that ARS may be served with process via its Attorney of Record, David Jordan.  Defendants deny the remainder of the allegations.

6. With regard to Paragraph 6 of Plaintiff's latest-filed pleading, Paragraph 6 calls for a legal conclusion and therefore does not require a responsive pleading; to the extent a response is required, Defendants deny the allegations.

7. With regard to Paragraph 7 of Plaintiff's latest-filed pleading, Defendants deny that Plaintiff has attached any exhibits to his latest-filed pleading. Defendants are without sufficient information to either admit or deny the remainder of the allegations, and therefore deny the same.

### FACTS

8. With regard to Paragraph 8 of Plaintiff's latest-filed pleading, Plaintiff's allegation that "Defendants conduct business in the Southern District of Texas" is ambiguous, and therefore Defendants deny the same. Plaintiff's allegation that Defendants "are employers within the meaning of 42 U.S.C. 2000e et seq. and 42 U.S.C. 12101 et seq." calls for a legal conclusion and requires no responsive pleading; to the extent a response is required, Defendants deny the allegation. Defendants deny the remainder of the allegations.

### CAUSES OF ACTION

Racial Discrimination

9. With regard to Paragraph 9 of Plaintiff's latest-filed pleading, Defendants incorporate by reference, as if fully restated herein, the answers contained in each of the above paragraphs.

10. With regard to Paragraph 10 of Plaintiff's latest-filed pleading, Paragraph 10 calls for a legal conclusion and requires no responsive pleading; to the extent a response is required, Defendants deny the allegations.

11. With regard to Paragraph 11 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

<u>Wrongful Termination</u>

12. With regard to Paragraph 12 of Plaintiff's latest-filed pleading, Defendants incorporate by reference, as if fully restated herein, the answers contained in each of the above paragraphs.

13. With regard to Paragraph 13 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

<u>Retaliation</u>

14. With regard to Paragraph 14 of Plaintiff's latest-filed pleading, Defendants incorporate by reference, as if fully restated herein, the answers contained in each of the above paragraphs.

15. With regard to Paragraph 15 of Plaintiff's latest-filed pleading, Paragraph 15 calls for a legal conclusion and therefore does not require a responsive pleading; to the extent a response is required, Defendants deny the allegations.

16. With regard to Paragraph 16 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

17. With regard to Paragraph 17 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

18. With regard to Paragraph 18 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

19. With regard to Paragraph 19 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

20. With regard to Paragraph 20 of Plaintiff's latest-filed pleading, Paragraph 20 calls for legal conclusions and requires no responsive pleading; to the extent a response is required, Defendants are without sufficient information to either admit or deny the allegations, and therefore deny the same.

21. With regard to Paragraph 21 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

22. With regard to Paragraph 22 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

23. With regard to Paragraph 23 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

24. With regard to Paragraph 24 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

25. With regard to Paragraph 25 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

## DAMAGES

26. With regard to Paragraph 26 of Plaintiff's latest-filed pleading and all subparts thereto, Defendants deny the allegations.

## ATTORNEY FEES

27. With regard to Paragraph 27 of Plaintiff's latest-filed pleading, Defendants deny the allegations.

## JURY DEMAND

28. With regard to Paragraph 28 of Plaintiff's latest-filed pleading, Paragraph 28 contains a jury demand on the part of "Defendant, Winder Castillo," who is not a party to this

lawsuit. The allegations in Paragraph 28 therefore require no response; to the extent a response is required, Defendants deny that any Defendant in this action has demanded a trial by jury.

## PRAYER

With regard to Plaintiff's Prayer and all subparts thereto, no responsive pleading is required; to the extent a response is required, Defendants deny the allegations.

All allegations in Plaintiff's latest-filed pleading not specifically admitted herein are hereby denied by Defendants.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. To the extent Plaintiff seeks to recover for employment actions beyond the limitations period, Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or part, for failure to exhaust mandatory administrative remedies.

4. Plaintiff's claims are barred because Plaintiff lacks standing to assert the causes of action and/or to seek the relief sought in his latest-filed pleading.

5. Even if Plaintiff's protected characteristic was a factor in any adverse employment decision, which it was not, Plaintiff's claims for damages are barred in whole or part because Defendants would have made the same decision anyway.

6. Any employment actions taken by Defendants with respect to Plaintiff were based on job-related factors, were consistent with business necessity as that term is defined under the relevant law, and were based on legitimate nondiscriminatory reasons.

7. All acts and/or omissions by Defendants affecting Plaintiff were done in good faith with reasonable grounds for believing that Defendants was in compliance with the law.

8. The conduct about which Plaintiff complains was not motivated by malice nor was it the result of reckless indifference to any protected rights of Plaintiff; to the contrary, employment actions affecting Plaintiff were based upon legitimate, non-retaliatory business considerations, and were in good faith.

9. Plaintiff's own acts or omissions caused or contributed to his alleged injury. Any injury to Plaintiff not caused by his own acts or omissions is the result of intervening events or the conduct of third parties.

10. Plaintiff's claims are barred by the doctrines of consent and waiver.

11. Plaintiff failed to mitigate damages in that he failed to take steps that a reasonably prudent individual in his shoes would take to end the allegedly offending conduct.

12. Defendants had in place policies designed to prohibit the type of conduct complained of by the Plaintiff.

13. Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

14. Plaintiff's claims are subject to offset by interim earnings from alternative employment and payments from collateral sources, including employment that Plaintiff could or should have obtained.

15. Any and all damages claimed by Plaintiff, whether compensatory, punitive, actual, attorneys' fees or otherwise, are subject to all statutory exclusions and limitations.

16. Plaintiff cannot recover damages under multiple or different theories and causes of action for the same or similar acts. Plaintiff is entitled to only one remedy for his claims.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that judgment

be entered in its favor, Plaintiff taking nothing by his claims, Defendants be discharged and dismissed, and that Defendants be awarded court costs and such further relief to which they should show themselves justly entitled.

Filed: May 24, 2012

Of Counsel:

Littler Mendelson, P.C.
and
Kevin S. Little
Texas Bar No. 24070155
S.D. Tex. Bar No. 1138412
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713-951-9400 (Telephone)
713-951-9212 (Facsimile)
klittle@littler.com

Respectfully submitted,

*/s/ David B. Jordan*
David B. Jordan (Attorney-in-Charge)
Texas Bar No. 24032603
S.D. Tex. Bar No. 40416
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713-951-9400 (Telephone)
713.951.9212 (Facsimile)
djordan@littler.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that, on May 24, 2012, a true and correct copy of the foregoing document was properly served on the following counsel of record by electronic case notification filing:

Michael D. Antalan
9801 Westheimer Road, Suite 320
Houston, Texas 77042
Tel: (713) 300-7726
Fax: (713) 300-7726

*/s/ David B. Jordan*
David B. Jordan